**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| MERRILL PRIMACK, | ) | |
| on behalf of plaintiff and the class defined | ) | |
| below, | ) | |
| | ) | |
| Plaintiff, | ) | 13-cv-6228 |
| | ) | |
| vs. | ) | |
| | ) | |
| CAREPLUS HEALTH PLANS, INC., | ) | |
| HUMANA, INC., and DOES 1-10, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT – CLASS ACTION

### INTRODUCTION

1. Plaintiff Merrill Primack brings this action to secure redress from unlawful telemarketing practices engaged in by defendants CarePlus Health Plans, Inc., and Humana, Inc. Plaintiff alleges violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

2. The TCPA restricts the use of automated equipment to dial cellular telephones.

### VENUE AND JURISDICTION

3. This Court has jurisdiction under 28 U.S.C. §§1331, 1337 and 1367.

4. Venue and personal jurisdiction in this District are proper because:

   a. Defendant's communications were received by plaintiff within this District;

   b. Defendants do business within this District.

### PARTIES

5. Plaintiff Merrill Primack is an individual who resides in the Northern District of Illinois.

6. Defendant CarePlus Health Plans, Inc., is a Florida corporation with principal offices at 11430 NW 20th Street, Suite 300, Doral, FL 33172.

7. Defendant Humana, Inc., is a Delaware corporation with principal offices at 500

1

West Main Street, Louisville, KY  40202.

      8.      Defendants CarePlus Health Plans, Inc., and Humana, Inc., sell health insurance.

      9.      Defendant CarePlus Health Plans, Inc., is a subsidiary of defendant Humana, Inc.

      10.      Defendants Does 1-10 are other persons or entities involved in the telemarketing calls described below.

## FACTS

      11.      On or about June 28, 2013, plaintiff received a recorded call on his cell phone from 502-301-1998, seeking to sell health insurance.

      12.      The number 502-301-1998 is issued to and answered by CarePlus Health Plans, Inc.

      13.      Plaintiff was uncertain exactly who called and called back the 502-301-1998 number from his landline phone, leaving a message inquiring what the call was about.

      14.      Plaintiff then got a call on the landline on or about July 2, 2013 from a live person identifying himself as being from Humana, seeking to sell health insurance.

      15.      The cell phone call was placed using an automated dialing system.

      16.      Plaintiff did not authorize the placement of robocalls to his cell phone.

      17.      Plaintiff did not furnish his cell phone number to defendant.

      18.      Plaintiff and each class member is entitled to statutory damages.

      19.      Defendants violated the TCPA even if their actions were only negligent.

      20.      Defendants should be enjoined from committing similar violations in the future.

## COUNT I – TCPA

      21.      Plaintiff incorporates paragraphs 1-20.

      22.      The TCPA, 47 U.S.C. §227, provides:

      **§ 227. Restrictions on use of telephone equipment**

      **. . . (b) Restrictions on use of automated telephone equipment.**

      **(1) Prohibitions. It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the**

United States–

(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice–

(iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call; . . .

23. The TCPA, 47 U.S.C. §227(b)(3), further provides:

Private right of action.

A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State–

(A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,

(B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or

(C) both such actions.

If the Court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under the subparagraph (B) of this paragraph.

24. Defendant violated the TCPA by placing automated calls to plaintiff's cell phone.

## CLASS ALLEGATIONS

25. Plaintiff brings this claim on behalf of a class, consisting of (a) all persons (b) who, on or after a date four years prior to the filing of this action (28 U.S.C. §1658), (c) received calls from defendant using an automated dialer or prerecorded voice (d) where defendant records do not show that the person provided the number to defendants.

26. The class is so numerous that joinder of all members is impractical. Plaintiff alleges on information and belief that there are more than 40 members of the class. Purchasing or contracting for automated dialing equipment would make no economic sense if

3

less than 40 calls were placed.

27.     There are questions of law and fact common to the class that predominate over any questions affecting only individual class members.  The predominant common questions include:

> a.     Whether defendants engaged in a pattern of placing prerecorded calls to cellular telephones;
>
> b.     The manner in which defendants obtained the cell phone numbers;
>
> c.     Whether defendants thereby violated the TCPA.

28.     Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices.  Neither plaintiff nor plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

29.     A class action is an appropriate method for the fair and efficient adjudication of this controversy.  The interest of class members in individually controlling the prosecution of separate claims against defendants is small because it is not economically feasible to bring individual actions.

30.     Several courts have certified class actions under the TCPA.  Telephone call and text message cases include:  *Meyer v. Portfolio Recovery Associates, LLC,* No. 11-56600, 2012 U.S. App. LEXIS 21136, *7-9 (9th Cir., October 12, 2012); *Manno v. Healthcare Revenue Recovery Group, LLC,* 289 F.R.D. 674 (S.D.Fla. 2013); *Mitchem v Illinois Collection Serv.,*  271 F.R.D. 617 (N.D.Ill. 2011); *Balbarin v. North Star Capital Acquisition, LLC,*, 10 C 1846, 2011 U.S. Dist. LEXIS 686 (N.D. Ill., Jan. 5, 2011), later opinion, 2011 U.S. Dist. LEXIS 5763 (N.D.Ill., Jan. 21, 2011), later opinion, 2011 U.S. Dist. LEXIS 58761 (N.D. Ill., June 1, 2011); *Lo v. Oxnard European Motors, LLC,* 11CV1009 JLS (MDD), 2012 U.S. Dist. LEXIS 73983 (S.D.Cal., May 29, 2012).  Fax cases include:  *Sadowski v. Med1 Online, LLC,* 07 C 2973, 2008 U.S. Dist. LEXIS 41766 (N.D.Ill., May 27, 2008); *CE Design Ltd. v Cy's Crabhouse North, Inc.,*

259 F.R.D. 135 (N.D.Ill. 2009); *Targin Sign Sys. v Preferred Chiropractic Ctr., Ltd.*, 679 F. Supp. 2d 894 (N.D.Ill. 2010); *Garrett v. Ragle Dental Lab, Inc.,* 10 C 1315, 2010 U.S. Dist. LEXIS 108339, 2010 WL 4074379 (N.D.Ill., Oct. 12, 2010); *Hinman v. M & M Rental Ctr.,* 545 F.Supp. 2d 802 (N.D.Ill. 2008); *Clearbrook v. Rooflifters, LLC*, 08 C 3276, 2010 U.S. Dist. LEXIS 72902 (N.D. Ill. July 20, 2010) (Cox, M.J.); *G.M. Sign, Inc. v. Group C Communs., Inc.*, 08 C 4521, 2010 U.S. Dist. LEXIS 17843 (N.D. Ill. Feb. 25, 2010); *Holtzman v. Turza*, 08 C 2014, 2009 U.S. Dist. LEXIS 95620 (N.D.Ill., Oct. 14, 2009); *Kavu, Inc. v. Omnipak Corp.,* 246 F.R.D. 642 (W.D.Wash. 2007); *Display South, Inc. v. Express Computer Supply, Inc.,* 961 So.2d 451, 455 (La. App. 1st Cir. 2007); *Display South, Inc. v. Graphics House Sports Promotions, Inc.*, 992 So. 2d 510 (La. App. 1st Cir. 2008); *Lampkin v. GGH, Inc.*, 146 P.3d 847 (Ok. App. 2006); *ESI Ergonomic Solutions, LLC v. United Artists Theatre Circuit, Inc.*, 203 Ariz. (App.) 94, 50 P.3d 844 (2002); *Core Funding Group, LLC v. Young*, 792 N.E.2d 547 (Ind.App. 2003); *Critchfield Physical Therapy v. Taranto Group, Inc.*, 293 Kan. 285; 263 P.3d 767 (2011); *Karen S. Little, L.L.C. v. Drury Inns. Inc.,* 306 S.W.3d 577 (Mo. App. 2010); *Lindsay Transmission, LLC v. Office Depot, Inc.*, 4:12cv221 (E.D.Mo., Feb. 25, 2013).

31.     Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendants for:

a.     Statutory damages;

b.     An injunction against further violations;

c.     Costs of suit;

d.     Such other or further relief as the Court deems just and proper.

s/Daniel A. Edelman
Daniel A. Edelman

5

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Francis R. Greene
EDELMAN, COMBS, LATTURNER
        & GOODWIN, L.L.C.
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

## VERIFICATION

The undersigned declares under penalty of perjury, as provided for by 28 U.S.C. §1746, that the facts stated in the foregoing complaint are true to the best of his knowledge and belief.

Merrill Primack

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

s/Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
& GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)